UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICHOLAS GATANAS,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**AMERICAN HONDA FINANCE CORPORATION,**<br><br>　　**Defendant.** | Civ. No. 20-07788 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Nicholas Gatanas had an auto loan with American Honda Finance Corporation ("Honda"). He paid off the loan, but his credit report noted—inaccurately, in his view—that the account was late. So he sued Honda, alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Honda moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (DE 17.)[1] For the following reasons, the motion is **DENIED**.

### I. BACKGROUND

#### A. Facts

Gatanas contracted with Honda for an auto loan. (*See* Compl. ¶ 1.) He paid off that loan, and the account was closed. (*See id.* ¶ 15.) Honda provided information about the loan to TransUnion, LLC, a credit reporting agency ("CRA"). (*See id.* ¶ 16.) A credit report prepared by TransUnion stated that Gatanas' Honda account was closed with a $0 balance but the account was "30–59 days late." (*Id.* ¶ 15.) Because Gatanas was not "currently delinquent"

---

[1]　Certain citations to the record are abbreviated as follows:

　　DE = docket entry number

　　Compl. = Complaint (DE 1)

　　MTD = Honda's Memorandum in Support of its Motion to Dismiss (DE 17-1)

　　Reply = Honda's Reply in Support of its Motion to Dismiss (DE 20)

on the account, he submitted a written dispute to TransUnion. (*Id.* ¶¶ 15–16.) In turn, TransUnion notified Honda of the dispute. (*Id.* ¶ 16.)

Nonetheless, TransUnion and Honda did not conduct any further investigation into Gatanas' dispute, mark his account as disputed, or remove the misleading payment status from the account. (*Id.* ¶ 17.) Instead, TransUnion and Honda "summarily verified that the reporting was accurate, and closed [Gatanas'] dispute." (*Id.* ¶ 18.) According to Gatanas, "a reasonable investigation . . . would have determined that an account with a '$0' balance could not be late and past due." (*Id.* ¶ 19.)

### B. Procedural History

Gatanas sued TransUnion and Honda for violating their respective obligations under FCRA. (*Id.* ¶¶ 31–44.) He claims that, as a result of their failure to correct his credit report, he was denied extension of further credit, faced a drop in his credit score, and "miss[ed] opportunities." (*Id.* ¶¶ 24, 30.) Later, he voluntarily dismissed the claim against TransUnion (Count 1). (DE 15, 22.) Now, Honda moves to dismiss the remaining claim (Count 2). (MTD.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations. Nevertheless, "a [party's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the factual allegations must be sufficient to raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570. That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he

plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the pleading are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

### III. DISCUSSION

The only issue is whether Gatanas has stated a FCRA claim against Honda. He has.

#### A. FCRA

FCRA regulates consumer credit reporting and "protect[s] consumers from the transmission of inaccurate information about them." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)). To that end, FCRA imposes duties on CRAs (which prepare credit reports) and "furnishers" (which provide credit data to CRAs). *Id.* Relevant here, FCRA provides that when a consumer raises a dispute to a CRA regarding information in his[2] credit report, the CRA must notify the furnisher of that information, *see* § 1681i(a)(2), and the furnisher, in turn, must:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] . . . ;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the [furnisher] furnished the information and that compile and maintain files on consumers on a nationwide basis;

---

[2]   Because Gatanas is male, I use male pronouns to refer to a generic consumer.

> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation[,] . . . promptly—
>
> > (i) modify that item of information;
> >
> > (ii) delete that item of information; or
> >
> > (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). The Third Circuit construes these duties to mean that an investigation must be "reasonable." *Seamans*, 744 F.3d at 864 (quoting *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011)). If a furnisher fails to comply with these duties, either negligently or willfully, consumers may sue for damages. *Id.* at 864, 868.

To plead a claim against a furnisher, a consumer need only allege that (1) he informed the CRA that he disputed the information that the furnisher provided, (2) the credit agency notified the furnisher, and (3) the furnisher failed to conduct a reasonable investigation. *See Berkery v. Verizon Comm'cns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016) (per curiam) (citing *SimmsParris*, 652 F.3d at 358). To satisfy *Twombly-Iqbal*, a consumer must include some factual details on these elements to show that his right to relief is plausible. *E.g.*, *Bello v. Capital One Bank (USA) N.A.*, Civ. No. 20-01218, 2020 WL 728804, at *3 (D.N.J. Feb. 13, 2020); *Visconti v. Trans Union, LLC*, Civ. No. 19-00581, 2019 WL 5418093, at *4 (D.N.J. Oct. 23, 2019).

### B. Application to the Complaint

Gatanas alleges that Honda failed to comply with FCRA's duties in three ways: by failing to (1) conduct a reasonable investigation after receiving notice from TransUnion, (2) remove the inaccurate information, and (3) mark his accounts as disputed. (Compl. ¶¶ 40–43.)

Both the first and second theories turn on whether Honda's reporting was inaccurate. That is, Gatanas alleges that "[h]ad [Honda] conducted a reasonable investigation, [Honda] would have determined that an account with a '$0' balance could not be late and past due." (Compl. ¶ 19.) Gatanas provides no further details on how the investigation was unreasonable; instead, his

4

theory is that maintaining the inaccurate reporting is *ipso facto* proof that Honda did not conduct the underlying investigation or correct the inaccuracy, as required by FCRA.[3] Courts have recognized that pleading that an investigation was unreasonable because inaccurate information remained on a credit report after complaints is sufficient at this early stage. *See, e.g., Friedman v. CitiMortgage, Inc.*, No. 18 CV 11173, 2019 WL 4194350, at *1, 3 (S.D.N.Y. Sept. 3, 2019); *Oates v. Wells Fargo Bank, N.A.*, 880 F. Supp. 2d 620, 626 (E.D. Pa. 2012).[4]

---

[3] I clarify that Gatanas cannot press a claim that Honda's investigation was unreasonable without some showing that Honda's reporting was inaccurate. A close reading of § 1681s-2(b)(1) suggests that three of its obligations, those in (A)–(C), do not turn on inaccuracy at all. That is, those subsections only require that a furnisher investigate, review information, and report results. So a furnisher theoretically could violate FCRA by conducting a negligent investigation—even if that investigation ultimately came to the correct conclusion that the information was accurate.

Nevertheless, courts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim. *Pittman v. Experian Info. Sols. Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) (collecting cases). That makes sense. Under the statute, a consumer must plead actual damages. § 1681o(a)(1). And under Article III, a consumer must plead more than "bare procedural violation, divorced from any concrete harm." *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 325 (3d Cir. 2018) (citation omitted). Harm to one's credit due to inaccurate reporting, as Gatanas alleges (Compl. ¶¶ 24, 30), satisfies both requirements. *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 400–01 (S.D.N.Y. 2014) (actual damages) (collecting cases), *Boone v. T-Mobile USA Inc.*, Civ. No. 17-378, 2018 WL 588927, at *8–9 (D.N.J. Jan. 29, 2018) (standing). Yet, it is hard to imagine how a plaintiff could show actual damages or concrete harm if the information at issue ultimately was accurate. *Chiang v. Verizon New Eng. Inc.*, 595 F.3d 26, 37–38 (1st Cir. 2010). Moreover, "FCRA is intended to protect consumers against the compilation and dissemination of *inaccurate* credit information," so despite the lack of explicit reference to inaccuracy in § 1681s-2(b)(1)(A)–(C), it makes little sense to read those obligations as providing for a claim independent of any inaccuracy. *See id.*

[4] It also makes sense that such pleading should be sufficient. Many facts relevant to a FCRA claim, such as details of the furnisher's investigation, are not easily available to a consumer without discovery. Indeed, the Third Circuit has implicitly recognized that simply pleading on information and belief that an investigation was unreasonable is sufficient. *Berkery*, 658 F. App'x at 175. Without discovery, a plaintiff can often go no farther than to infer from inaccurate information on the credit report that the investigation must have been inadequate.

5

Recognizing this, Honda moves to dismiss on the ground that the report of a $0 balance along with a late-payment notation was in fact accurate. (MTD at 3; Reply at 4.) Even "technically correct" information, however, can be inaccurate if "it creates a materially misleading impression," and—critically here—"[w]hether technically accurate information was misleading . . . is generally a question to be submitted to the jury." *Seamans*, 744 F.3d at 865 (internal citations, quotation marks, and alterations omitted). Accordingly, in a case applying that standard to near-identical facts, a court held that reporting a $0 balance along with a late-payment notation could mislead future lenders reading a consumer's credit report to perceive the consumer as currently delinquent. *Friedman*, 2019 WL 4194350, at *3.

So too here. It may be the case, as Honda argues, that Gatanas has closed the account but was late on some payments, so the information is accurate, or that such reporting is standard practice. (MTD at 3–4.) But I cannot say as a matter of law, or simply based on the pleadings, that this is so—the standard adopted in *Seamans* requires more factual development and exploration. *See Hills v. Trans Union, LLC*, 969 F. Supp. 2d 419, 421 (E.D. Pa. 2013).

For the third theory, Honda argues that it cannot be liable for failing to mark Gatanas's account as disputed because § 1681s-2(a)(3), which sets forth that obligation, is not enforceable via a private right of action. (Reply at 5.) Because this argument was raised for the first time in a reply brief, it could be disregarded on that basis alone. *See D'Aiuto v. City of Jersey City*, Civ. No. 06-6222, 2007 WL 2306791, at *4 n.1 (D.N.J. Aug. 8, 2007) (Greenaway, J.). Regardless, it is foreclosed by Third Circuit precedent.

The *Seamans* court explained that § 1681s-2(a)(3) indeed "imposes an explicit duty on furnishers . . . to report a dispute to all CRAs to whom it provides the information." 744 F.3d at 866. Because § 1681s-2(a) deals with furnishers' pre-dispute obligations to CRAs (not consumers), private enforcement of § 1681s-2(a)(3) "is not permitted." *Id.* Nonetheless, the court

6

explained that, § 1681s-2(a)(3) aside, failing to mark that an account is disputed could be misleading and thus a violation of § 1681s-2(b), which is privately enforceable. *Id.* at 867. Here, Gatanas alleges that Honda failed to mark his account as disputed (Compl. ¶ 43), and that allegation fits squarely within what *Seamans* recognized as a valid § 1681s-2(b) claim.

## IV. CONCLUSION

For the reasons set forth above, the motion to dismiss is denied.

A separate order will issue.

Dated: December 7, 2020

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**